FILED
2020 Oct-29  PM 03:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| TRAVIS GRIGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:19-cv-01200-ACA-SGC |
| | ) | |
| JEREMY PELZER, | ) | |
| | ) | |
| Defendant. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pursuant to a memorandum opinion and order entered on July 31, 2020, the plaintiff's excessive force claim against Sergeant Jeremy Pelzer survived summary judgment. (Doc.21). On August 28, 2020, the undersigned entered an order directing the plaintiff to notify the court within fourteen (14) calendar days whether he wished to continue proceeding *pro se* or, alternatively, he requested that the court attempt to identify counsel willing to represent him in this action on a *pro bono* basis.  (Doc. 23).  The plaintiff failed to respond to the order within the time prescribed.

The undersigned entered an order on October 6, 2020, again directing the plaintiff to notify the court within fourteen (14) calendar days of his election regarding how to proceed.  (Doc. 24).  The order advised the plaintiff his failure to comply within the time prescribed could result in the dismissal of this action without prejudice for failure to prosecute, pursuant to Rule 41(b) of the *Federal Rules of*

*Civil Procedure*. (*Id.*). More than fourteen (14) days have elapsed, and the plaintiff has failed to comply with or otherwise respond to the October 6, 2020 order.

Accordingly, the undersigned **RECOMMENDS** this action be **DISMISSED WITHOUT PREJUDICE** due to the plaintiff's failure to prosecute, pursuant to Rule 41(b) of the *Federal Rules of Civil Procedure*.

## NOTICE OF RIGHT TO OBJECT

Any party may file specific written objections to this report and recommendation. Any objections must be filed with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered. Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objecting. Objections also should specifically identify all claims contained in the complaint that the report and recommendation fails to address. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

Failing to object to factual and legal conclusions contained in the magistrate judge's findings or recommendations waives the right to challenge on appeal those same conclusions adopted in the district court's order. In the absence of a proper objection, however, the court may review on appeal for plain error the unobjected to factual and legal conclusions if necessary in the interests of justice. 11th Cir. R. 3-

1.  An objecting party must serve a copy of its objections on each other party to this action.

On receipt of objections, a United States District Judge will make a *de novo* determination of those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the findings of fact and recommendations made by the magistrate judge.  The district judge must conduct a hearing if required by law.  Otherwise, the district judge may exercise discretion to conduct a hearing or otherwise receive additional evidence. Alternately, the district judge may consider the record developed before the magistrate judge, making an independent determination on the basis of that record. The district judge also may refer this action back to the magistrate judge with instructions for further proceedings.

A party may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  A party may only appeal from a final judgment entered by a district judge.

**DONE** this 29th day of October, 2020.

STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE

3